IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SPARTAN MEDICAL INC.,

   Plaintiff

   v.

JOHN TESSADA,
*et al.*,

   Defendants.

Civil Action No. PX-18-3629

******

# MEMORANDUM OPINION

Pending before the Court is the motion to remand filed by Plaintiff Spartan Medical ("Spartan"), ECF No. 13, and joined by Defendants John Tessada, JT Medical, and Charles Hoover. ECF No. 20. Also pending is Spartan's motion for costs and fees incurred in connection with Defendants' notice of removal. ECF No. 19. For the following reasons, the Court REMANDS the action to the Circuit Court for Montgomery County and GRANTS in part Spartan's fees motion.

This action, although short-lived in this Court, has been eventful. The case centers on Defendants' alleged breaches of non-compete clauses as part of their employment contracts with Spartan. In conjunction with Tessada and Hoover's resignation from Spartan, both allegedly stole Spartan clients, destroyed emails and set up competing business ventures. Spartan is a citizen of Maryland while Tessada and JT Medical are citizens of Virginia. Hoover's citizenship, the Court now knows, is and has been Maryland since at least 2016.

On November 27, 2018, Defendants jointly noted removal of the case based on diversity jurisdiction. ECF No. 1. Spartan immediately moved on an emergency basis for this Court to issue a temporary restraining order and preliminary injunction consistent with the injunctive

relief already in place in Circuit Court.  ECF No. 5.  In the motion, Spartan averred that shortly before the scheduled hearing in Circuit Court regarding the motion for preliminary injunction, Defendants noted removal because Hoover was supposedly domiciled in North Carolina, not Maryland, rendering the parties completely diverse.  18 U.S.C. § 1332.

On December 3, 2018, this Court conducted a recorded status conference at which time the Court extended the temporary restraining order and set in a hearing date to address the propriety of a preliminary injunction.  ECF No. 9.  On that same call, Spartan alerted the Court that it would also file within 24 hours a motion to remand the case because it believed that Defendant Hoover, as a citizen of Maryland, defeats diversity jurisdiction.  Spartan thereafter provided the Court powerful evidence rebutting Hoover's previous claim of his being domiciled in North Carolina.  ECF Nos. 13-1 -13-9.  In short order, Defendants consented to remand, which the parties confirmed by letter pleading to this Court.  ECF No. 20.  Accordingly, based on the undisputed evidence that Hoover is a citizen of Maryland, thus defeating diversity jurisdiction, the Court GRANTS parties' motion to remand.

Spartan also moves for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal."  Attorneys' fees and costs may be awarded "where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  In assessing the propriety of costs and fees, the court should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  *Id.* at 140.

Spartan specifically requests $4,744.50 in attorneys' fees and $2000 in costs associated with obtaining a transcript of Hoover's deposition on an expedited basis. The Court finds that counsel itemized only those hours spent as a result of Defendants' misguided removal notice, which included preparing and filing its emergency motion to extend the TRO that was set to expire and obtain an injunction in federal court; pursuing necessary discovery issues related to the injunction motion; and investigating and drafting its remand motion.[1] Spartan's response to removal was handled by two experienced attorneys and one paralegal whose billable rates are presumptively reasonable. *See* L.R. 101.9, app'x B (2018). Accordingly, the Court finds that the professional fees incurred in connection with removal are reasonable.

The Court does not find that the $2,000 deposit for an expedited deposition, however, is warranted for two reasons. First, counsel failed to submit receipts substantiating the cost. Second, although Spartan took Hoover's deposition in part to challenge remand, it also explored with Hoover issues related to the pending motion for injunctive relief – a motion that Spartan would have pursued either in this Court or in Montgomery County Circuit Court. The Court, therefore, has no practical way to ascertain what portion of the $2,000, if substantiated, is "incurred" in connection with improper removal. The Court declines to include this cost in the amount of allowable expenses under § 1447(c).

---

[1] Defendants challenge the "block billed" format on which Spartan submits its proof of fees. ECF Nos. 21 at 7, 22 at 5. Block billing is disfavored generally because it may render difficult or impossible for the Court to assess the reasonableness of the requested fee. However, where the billing format plainly delineates the work performed and the time allocated for the described tasks, this Court will consider it. *Cf. Diamond Point Plaza Ltd. P'ship v. Wells Fargo Bank, N.A.*, 400 Md. 718, 761 (2007) ("We agree as well that, where the fee request is based primarily on time spent—a form of lodestar—the best evidence ordinarily would be a clear delineation in the attorneys' billings of the time spent and expenses incurred . . . . however, we do not regard it as a *sine qua non* of the right to recover, for to conclude otherwise would, in many cases, deny *all* recovery where *some* recovery is clearly warranted.") (emphasis in original). The Court finds counsel's submission to be sufficiently clear and detailed that the Court can discern the time spent on discrete issues related to removal.

This leaves the remaining question of whether the fees are warranted under § 1447(c) because Defendants lacked any objectively reasonable basis for removal. With regard to Defendant Hoover, the Court finds Spartan is indeed entitled to such fees and costs. The sole basis for noting removal was Defendant Hoover's claimed domicile in North Carolina. It is well settled that domicile is established by a defendant's "physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). It is equally well established that "[t]he place *where a man lives* is properly taken to be his domicile until facts adduced establish the contrary." *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (emphasis added). These twin principles are basic and should be easily known to the defendant. Put differently, if Hoover knows where he currently *lives,* then he, in consultation with counsel, should have known prior to removal that he could not plausibly claim North Carolina as his domicile.

As a result, Spartan had to expend time and energy to demonstrate that which was obvious to Hoover—he *does not* live in North Carolina. Although Hoover may have purchased a home in North Carolina, he quickly admitted at his deposition that he lives in Maryland currently, his children go to school in Maryland, he is licensed to drive in Maryland, and at least receives some mail in Maryland. ECF No. 22-1. Hoover, therefore, maintained no objectively reasonable basis to claim domicile in North Carolina or consent to removal. Accordingly, the Court grants Spartan's motion as to Hoover and he is ordered to pay $4,744.50 to Spartan under § 1447(c).

The Tessada Defendants are in a decidedly different position because they learned of Hoover's supposed North Carolina domiciliary through Hoover's counsel. It was reasonable, therefore, for the Tessada Defendants to rely on the representations of a Maryland barred

attorney on such basic issues as where his client is domiciled.  Moreover, once the "propriety of removal became murky," ECF No. 21 ¶ 23, the Tessada Defendants promptly contacted Spartan and ultimately consented to remand so as to minimize costs associated with erroneous removal.  In this respect, the Tessada Defendants demonstrated that they were interested in pursuing removal only if based upon a reasonable and legitimate ground.  Spartan's motion is denied as to the Tessada Defendants.

        A separate Order follows.

Date: December 12, 2018                            __/S/_____
                                                                 Paula Xinis
                                                                 United States District Judge